```
         IN THE UNITED STATES DISTRICT COURT

            FOR THE DISTRICT OF HAWAII
```

| TIMOTHY JOHNSON, | ) CIVIL NO. 10-00149 HG-KSC |
|---|---|
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) THIS ACTION WITHOUT |
| | ) PREJUDICE |
| SECURITAS SECURITY SERVICES USA, | ) |
| Defendant. | ) |

FINDINGS AND RECOMMENDATION TO DISMISS
THIS ACTION WITHOUT PREJUDICE

On April 22, 2011, the Court held a Status Conference Re: Trial Date and Other Deadlines. The Court attempted to contact Plaintiff Timothy Johnson ("Plaintiff") using the number on record with the Court. The person who answered the phone informed the Court that it had the wrong number. Although the Court noticed the Status Conference on April 13, 2011, Plaintiff did not request permission to appear by phone, nor did he provide the Court with an updated and current telephone number.

At the Status Conference, defense counsel informed the Court that Plaintiff has failed to timely

submit his Federal Rule of Civil Procedure ("FRCP") 26 disclosures.

On April 25, 2011, the Court issued an Order to Show Cause why the case should not be dismissed for failure to appear at the Status Conference and produce the FRCP 26 disclosures. The Court directed Plaintiff to appear on May 18, 2011, at 9:45 a.m. and cautioned that if he failed to appear, the Court would recommend dismissal of this action.

Plaintiff did not appear at the May 18, 2011 OSC hearing, nor communicate with the Court or defense counsel prior to the hearing.

Courts do not take failures to comply with Court orders lightly. FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiff's failure to prosecute; namely, his failure to appear at the Status Conference, failure to comply with his discovery obligations, failure to provide the Court with his contact information, and failure to respond to the OSC or appear at the OSC hearing. The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[1] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. So too does the lack of availability of less drastic

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

alternatives.  Plaintiff has not taken any action nor communicated with the Court since January of this year. Despite having had multiple opportunities to appear before and communicate with the Court, and despite the Court's attempt to compel his appearance to explain his failures, Plaintiff has not responded, even when faced with the threat of dismissal.  Thus, the Court is left with no choice but to dismiss.  Issuing further OSCs and scheduling further hearings/status conferences would be futile given Plaintiff's recent non-compliance and non-action.[2]

Defendant will suffer prejudice if this case sits idle.  Defendant's inability to communicate with Plaintiff and/or request and receive information pertinent to the instant litigation will impair Defendant's ability to proceed to trial and interfere with the rightful decision of the case.  Id.

---

[2] Because the Court has been unable to contact Plaintiff at the telephone number on record, the Court cannot confirm that Plaintiff has received recent filings and notices.  The Court mailed the OSC via certified mail but has yet to receive confirmation that Plaintiff received it.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 19, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 10-00149 HG-KSC; JOHNSON V. SECURITAS SECURITY SERVICES USA, INC.; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE